OPINION
Appellant Keith Bigham appeals the decision of the Fairfield County Municipal Court that found him guilty of operating a motor vehicle under the influence of alcohol and failure to control. The following facts give rise to this appeal.
During the early morning hours of September 17, 1999, appellant ran his truck into a brick building, at 2:26 a.m., after leaving a nightclub. Appellant claims the accident occurred when he attempted to turn east onto Chestnut Street and accidentally tapped the accelerator instead of the brake. This caused the truck to fishtail and appellant overcompensated for the fishtailing and collided with the building located on the corner of South Columbus and Chestnut Streets.
Appellant remained in the truck following the collision. Officers Chris Caton and Harold Barker, of the Lancaster Police Department, arrived at the scene approximately five to ten minutes after the accident. Upon approaching the truck, the officers noticed an odor of alcohol. They also observed that appellant had bloodshot eyes and slurred speech. Paramedics arrived at the scene and transported appellant to the hospital for treatment of his injuries.
Once at the hospital, Officer Caton gave appellant his Miranda warnings and asked appellant how the accident occurred. Appellant described how the accident occurred and admitted to drinking seven or eight beers. Thereafter, Officer Caton asked appellant if he would cooperate with a breathalyzer, urine sample or blood test. Appellant agreed to a blood test to determine his blood alcohol level. Hospital personnel collected the blood sample at 3:35 a.m. Subsequently, Officer Caton charged appellant with operating a motor vehicle while under the influence of alcohol in violation of R.C. 4511.19(A)(1) and failure to control in violation of Local Ordinance 331.34.
Appellant entered a plea of not guilty to the charges and the trial court scheduled this matter for trial on December 7, 1999. Thereafter, the parties learned that appellant's blood alcohol level was .064 g/dL. On December 6, 1999, appellant filed a motion in limine to exclude prior convictions from being introduced into evidence at trial. The prosecutor filed a motion in limine, on December 7, 1999, seeking to exclude evidence of appellant's blood test without first providing a proper foundation through expert testimony.
Prior to the commencement of trial, defense counsel and the prosecutor argued their motions in limine to the trial court. The trial court granted both motions in limine. Thereafter, defense counsel requested additional time to obtain an expert witness to evaluate the blood test and prepare testimony for trial. The trial court granted defense counsel's request and continued the jury trial until February 1, 2000. This matter proceeded to trial on that date and following deliberations, the jury found appellant guilty of operating a motor vehicle under the influence of alcohol. The trial court found appellant guilty of failure to control.
The trial court conducted a sentencing hearing on February 18, 2000. The trial court sentenced appellant to 180 days in jail and suspended 150 days on good behavior. The trial court also ordered appellant to attend an intensive supervision probation program, alcohol counseling and mental health counseling. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT IMPROPERLY ORDERED DEFENDANT-APPELLANT TO PROVIDE EXPERT TESTIMONY TO ESTABLISH FOUNDATION FOR DEFENDANT-APPELLANT'S BLOOD ALCOHOL TEST OF .064 g/dL.
 II. THE DECISION OF THE JURY AGAINST DEFENDANT-APPELLANT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE PRESENTED AT TRIAL SINCE SUFFICIENT PROOF OF GUILT BEYOND A REASONABLE DOUBT THAT DEFENDANT-APPELLANT WAS OPERATING A MOTOR VEHICLE UNDER THE INFLUENCE OF ALCOHOL IN VIOLATION OF OHIO REVISED CODE § 4511.19(A)(1) WAS NOT PRESENTED NOR PROVEN.
 III. THE TRIAL COURT ERRED IN OVERULING (SIC) DEFENDANT-APPELLANT'S CRIMINAL RULE 29 MOTION FOR AQUITTAL (SIC) UPON CONCLUSION OF THE PROSECUTION'S CASE.
 IV. THE TRIAL COURT ERRED IN OVERULING (SIC) DEFENDANT-APPELLANT'S CRIMINAL RULE 29 MOTION FOR AQUITTAL (SIC) UPON CONCLUSION OF TRIAL.
 I
In his First Assignment of Error, appellant contends the trial court improperly ordered him to provide expert testimony to establish a foundation prior to introducing the blood alcohol test of .064 g/dL. We disagree.
In support of this assignment of error, appellant relies on R.C.4511.19(A). Appellant argues that under R.C. 4511.19(A), the Ohio General Assembly, in enacting per se violations, intended evidence of the offender's alcohol level to be admitted if the chemical analysis was completed according to the guidelines as established in R.C. 4511.19(B)(1). Thus, in prosecutions for violation of R.C. 4511.19(A)(2), (3) and (4), the state is not required to provide expert testimony before admitting the results of the test into evidence.
Appellant also argues the state improperly relied on the Ohio Supreme Court case of City of Newark v. Lucas (1988), 40 Ohio St.3d 100. In theCity of Newark case, the Ohio Supreme Court held that in a criminal prosecution for a violation of R.C. 4511.19(A)(2), (3), or (4), the result of a properly administered test may be admitted into evidence only if the body substance was withdrawn within two hours of the time of the alleged violation. Id. at paragraph one of the syllabus. If the test is administered outside the two-hour time period prescribed in R.C.4511.19(D)(2), expert testimony is required to admit the test into evidence. Id. at paragraph two of the syllabus.
In response, the state argues that appellant's argument is moot because appellant called Dr. Staubus to the stand. We agree with the state's argument because if appellant did not want Dr. Staubus to testify, yet wanted the blood test results to be admitted into evidence, appellant should have objected on the record when the trial court refused to admit the evidence. However, once appellant called Dr. Staubus as a witness, this issue became moot.
Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the jury's verdict finding him guilty of operating a motor vehicle under the influence of alcohol is against the manifest weight of the evidence. We disagree.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172,175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. It is based on this standard that we review appellant's Second Assignment of Error.
Appellant maintains the jury's verdict is against the manifest weight of the evidence because the state only introduced two witnesses, Officers Caton and Barker, and three exhibits. Appellant argues the officers' testimony did not establish beyond a reasonable doubt that he was driving under the influence of alcohol because the officers arrived on the scene after the accident occurred and did not observe his driving prior to the accident. Also, the officers did not ask appellant to perform any field sobriety tests. Finally, appellant relies on the testimony of Dr. Staubus, who testified to a reasonable degree of scientific certainty, that appellant's blood alcohol level would be expected to be anywhere from less than .02 g/dL to as high as .084 g/dL at 3:36 a.m.
Based on our review of the record, we do not find the jury clearly lost its way in resolving conflicts in the evidence. The record indicates appellant drank a total of eight beers during the course of the evening. Appellant thereafter drove his truck into a building. Appellant admitted consuming alcohol to the officers and also admitted that he felt slightly intoxicated. The officers observed a strong odor of alcohol about appellant's person, bloodshot eyes and slurred speech. Finally, Dr. Staubus testified that he could not determine whether appellant was impaired at the time of the accident because he was not present. Accordingly, the jury's verdict is not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
 III, IV
We will address appellant's Third and Fourth Assignments of Error simultaneously as both concern the trial court's denial of appellant's motions for acquittal made at the conclusion of the state's case and at the conclusion of the trial. Appellant contends the trial court erred when it overruled his motions. We disagree.
Crim.R. 29(A) addresses motions for acquittal and provides:
(A) Motion for judgment of acquittal
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.
The Ohio Supreme Court held in the case of State v. Bridgeman (1978),55 Ohio St.2d 261 that "* * * a trial court should overrule a Crim.R. 29(A) motion if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." Id. at syllabus. Appellant claims the state presented insufficient evidence to prove that he was operating a vehicle under the influence of alcohol. On review for sufficiency, we must examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks
(1991), 61 Ohio St.3d 259.
We find the record contains sufficient evidence to support the conclusion that appellant was driving his truck under the influence of alcohol. The record indicates appellant drank a total of eight beers during the course of the evening and thereafter drove his truck into a building. Appellant admitted consuming alcohol to the officers and also admitted that he felt slightly intoxicated. The officers observed a strong odor of alcohol about appellant's person, bloodshot eyes and slurred speech. Finally, Dr. Staubus testified that he could not determine whether appellant was impaired at the time of the accident because he was not present.
Based on this evidence, we conclude the trial court properly denied appellant's motions for acquittal at the conclusion of the state's case and the conclusion of the trial because reasonable minds could reach different conclusions as to whether each material element of the crime had been proved beyond a reasonable doubt.
Appellant's Third and Fourth Assignments of Error are overruled.
For the foregoing reasons, the judgment of the Fairfield County Municipal Court, Lancaster, Ohio, is hereby affirmed.
Wise, J.
Gwin, P.J., and Hoffman, J., concur.
 JUDGMENT ENTRY
CASE NO. 00 CA 9.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Fairfield County Municipal Court, Lancaster, Ohio, is affirmed.